IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

**TIMOTHY STEWART,**

   **Petitioner,**

v.               Case No. 1:16-cv-09244

**PATRICK MIRANDY, Warden,**
**St. Marys Correctional Center,**

   **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

  This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are the petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) and the respondent's Answer thereto (ECF No. 13). The petitioner, Timothy Stewart (hereinafter "Stewart" or "the petitioner"), was incarcerated at the St. Marys Correctional Center at the time he filed the instant petition. He is now out on parole.

## STANDARD OF REVIEW

  Title 28 U.S.C. § 2254(d), which was adopted as part of the Anti-terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court held that under the "contrary to" clause, a federal court may grant a writ of habeas corpus with respect to claims adjudicated on the merits in state court only if (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) if the state court decides a case differently from the Supreme Court on a set of materially indistinguishable facts. The Court further held that, under the "unreasonable application" test, a federal court may grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court only if the state court identifies the correct governing principle from the Supreme Court's decision, but unreasonably applies that principle to the facts of the prisoner's case. *Id*. at 413.

Moreover, the AEDPA contains a presumption that a state court's factual findings are correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

## FACTUAL BACKGROUND

Stewart and Gayle Dunn ("Dunn") were involved in a romantic relationship, and prior to February 2, 2013, Dunn was living at Stewart's residence. However, on February 2, 2013, Stewart and Dunn got into an argument, during which Stewart hit Dunn in the back of the head and put her in a chokehold that caused her to lose consciousness. When she came to, Dunn packed her things and left the residence.

The following day, Stewart and Dunn attempted to reconcile, but they again argued. According to Dunn's statement to the police, Stewart struck her several times, and subsequently held her down and threatened to kill her if she left. Dunn was ultimately able to lock Stewart in the basement of the house while she called 9-1-1. However, Stewart escaped from the basement by using an axe to break down the door. He then allegedly retrieved a .38 caliber revolver, tackled Dunn as she was attempting to leave the house, and "fired a single shot in a downward motion by her face." He then put the pistol up to Dunn's head and told her that "she knew where the next one is going to go." At that point, the police knocked on the door and Stewart hid the gun and let the police into the home.

Based upon these events, on June 11, 2013, Stewart was charged with two felonies (wanton endangerment and attempted first degree murder) and three misdemeanors (unlawful restraint, domestic battery, and domestic assault). On August 26, 2013, the circuit court held a hearing to determine whether the February 2, 2013 incident where Stewart choked Dunn into unconsciousness would be admissible at his trial pursuant to Rule 404(b) of the West Virginia Rules of Civil Procedure. The State argued that this incident demonstrated an intent to kill, and Dunn testified at the hearing and stated that she believed that the choking incident led up to the events the following day. Dunn further testified about the February 3, 2013 incident and stated that, after firing the shot that

went by her head, Stewart "put the gun back to my head and said you know where the next one is going to go" and that was "right before the police showed up." (ECF No. 13, Ex. 2 at 19).

Stewart subsequently pled guilty to all of the counts of the indictment except for the attempted murder charge, but the court deferred sentencing thereon. At a pretrial conference, Stewart's counsel argued that those counts should not be mentioned at a trial on the murder charge. In response the State argued as follows:

> [THE STATE]: Well, your honor, there are . . . there are two acts that the State would demonstrative of [petitioner's] intent to kill Ms. Dunn. One of the strangling to unconsciousness [the previous day], the other one is the firing of the firearm into the floor and then putting the firearm to the back of her head and telling her to recite the Lord's Prayer after he told her the next one is coming for her head.

(ECF No. 13, Ex. 9 at 2-3; Ex. 3 at 36-37). The circuit court took that matter under advisement and scheduled a final pretrial conference on November 12, 2013.

At the beginning of the November 12, 2013 hearing, Stewart's counsel informed the court that Stewart was prepared to plead guilty to the attempted murder charge. A guilty plea hearing ensued during which the court conducted a thorough plea colloquy pursuant to *Call v. McKenzie*, 220 S.E.2d 665 (W. Va. 1975), in which Stewart was advised of the elements the State would have to prove and of all of the rights he was giving up by not going to trial. The court determined that there was a sufficient factual basis for the plea in light of the evidence presented during the suppression hearing. Stewart further stated that he had no complaints concerning his counsel's representation. (ECF No. 13, Ex. 4).

On February 20, 2014, Stewart was sentenced to a determinate term of five years in prison on the wanton endangerment conviction, and an indeterminate sentence of

three to fifteen years in prison on the attempted first degree murder conviction, which was to be served consecutively. (ECF No. 13, Ex. 9 at 3 and Ex. 11). Stewart was also sentenced on his three misdemeanor convictions; however, those sentences were satisfied by Stewart's time in custody during the pendency of his criminal case. (*Id.*)

Stewart did not appeal his convictions or sentences to the Supreme Court of Appeals of West Virginia (the "SCAWV"). Thus, his judgment became final on or about June 20, 2014. However, on March 6, 2015, Stewart filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Mercer County raising three claims: (1) a double jeopardy violation; (2) that there was an inadequate factual basis for his attempted murder guilty plea; and (3) ineffective assistance of counsel. (ECF No. 13, Ex. 9 at 3; Ex. 12). That petition was summarily denied and dismissed on March 29, 2015. (*Id.*, Ex. 13).

On appeal, Stewart essentially raised two claims of error: (1) that the circuit court erred in not holding an evidentiary hearing on his habeas petition; and (2) that his counsel was ineffective in advising him to plead guilty to the attempted murder charge when that conviction was allegedly barred by double jeopardy and not supported by an adequate factual basis. (*Id.*, Ex. 6).[1]

On September 2, 2016, the SCAWV issued a Memorandum Decision affirming Stewart's convictions and sentences and denying his habeas appeal. *Stewart v. Mirandy*, No. 15-0609, 2016 WL 4579064 (W. Va. Sept. 2, 2016). The SCAWV found that there was no double jeopardy violation because the attempted murder charge had a different factual predicate than that of the wanton endangerment charge. *Id.* at *3. The Court further found that there was a sufficient and independent factual basis for the attempted murder

---

[1] Only the second claim is cognizable in federal habeas corpus.

conviction from that of the wanton endangerment and, thus, Stewart's guilty plea to the murder charge was adequately supported by the evidence. *Id.* Additionally, the court found that Stewart's counsel did not provide ineffective assistance by advising him to plead guilty to the attempted murder charge. *Id.* at *4.

On September 29, 2016, Stewart filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, raising the following claims for relief:

> A. The Petitioner's conviction for attempted murder violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.
>
> B. The Petitioner's plea to the charge of attempted murder was not intelligently made insofar as it was based upon counsel's incompetent advice; Counsel's performance violated the Sixth Amendment to the United States Constitution.
>
> C. The court's acceptance of the Petitioner's guilty plea to attempted murder violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution insofar as the State did not – and, indeed, could not – provide an adequate factual basis to support the plea; In this particular instance, the crime of attempted murder simply did not occur.

(ECF No. 1 at 16).

On November 29, 2017, in response to the undersigned's Order (ECF No. 8), the respondent filed an Answer to the Petition (ECF No. 13) asserting that Stewart is not entitled to any relief on his habeas corpus claims and, thus, his petition should be denied and dismissed. On January 8, 2018, Stewart filed a Reply (ECF No. 14). This matter is ripe for adjudication.

## ANALYSIS

### A. Ground One - Double Jeopardy.

In Ground One of his section 2254 petition, Stewart asserts that his conviction on attempted first degree murder, after previously being convicted of wanton endangerment,

violated the Double Jeopardy Clause of the Fifth Amendment. As noted by the respondent, "The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth, provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Brown v. Ohio*, 432 U.S. 161, 164 (1977). The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, or against multiple punishments for the same offense. *Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 306-07 (1984). In Stewart's case, the SCAWV cited to West Virginia case law that mirrors these protections. *State v. Gill*, 416 S.E.2d 253 (W. Va. 1992); *Conner v. Griffith*, 238 S.E.2d 529 (W. Va. 1977). (ECF No. 13 at 11 n.3; Ex. 9 at 4 n.5).

Thus, the seminal issue in such a claim is whether the petitioner has been convicted and punished for the "same offense." The Supreme Court of the United States squarely addressed this issue in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), finding that the test to be applied to determine whether there are multiple offenses is whether each provision requires proof of an additional fact which the other does not."

In West Virginia, wanton endangerment and attempted first degree murder clearly have different elements and require proof of a fact that the other crime does not. Specifically, as noted by the circuit court's order denying habeas relief, wanton endangerment is committed by "[a]ny person who wantonly performs any act with a firearm which creates a substantial risk of death or serious bodily injury . . . ." W. Va. Code § 61-7-12. Meanwhile, first degree murder is "murder by poison, lying in wait, imprisonment, starving, or by any willful, deliberate, and premeditated killing, or in the commission of, or attempt to commit, arson, sexual assault, robbery, or burglary . . . ." W. Va. Code § 61-2-1. A criminal attempt occurs when a person "attempts to commit an

offense, but fails to commit or is prevented from committing it . . . ." W. Va. Code § 61-11-8.

The circuit court found as follows with respect to the petitioner's double jeopardy claim:

> Under the *Blockberger* test, this clear and unambiguous statutory language yields but one conclusion: attempted first degree murder and wanton endangerment are separate offenses . . . . Attempted first degree murder requires proof of premeditation or lying in wait along with a specific intent to kill and an overt act toward the commission of the crime, elements which wanton endangerment does not require. Wanton endangerment, on the other hand, requires a wanton act with a firearm, which is not a requirement of attempted first degree murder. Thus, even though the two felony charges to which Petitioner pleaded guilty arose from the same incident with a firearm, the offenses require different elements of proof and, therefore, do not violate double jeopardy.

(ECF No. 13, Ex. 13 at 43-44).

Moreover, the SCAWV found that the wanton endangerment count and the attempted first degree murder count in Stewart's case were each supported by different factual predicates. Concerning the double jeopardy claim, the SCAWV specifically found that "there was no double jeopardy violation because an independent basis existed for finding that petitioner intended to kill Ms. Dunn in that he put the gun back to her head and would have completed the crime "had the police not responded so quickly to the victim's 9-1-1 call." (ECF No. 13, Ex. 9 at 5).

The undersigned proposes that the presiding District Judge **FIND** that the state habeas courts' decisions denying Stewart habeas corpus relief on the basis of an alleged violation of the Double Jeopardy Clause were neither contrary to, nor an unreasonable application of, clearly-established federal law, and that the respondent is entitled to judgment as a matter of law on Ground One of Stewart's section 2254 petition. The state

8

courts' analysis is entirely consistent with the clearly established Supreme Court precedent in *Blockburger*.

### B. Grounds Two and Three – Sufficiency of factual basis for attempted murder guilty plea and voluntariness of guilty plea.

In Ground Three of his section 2254 petition, the petitioner asserts that the trial court violated his due process rights under the Fourteenth Amendment by accepting his guilty plea to attempted first degree murder when there was insufficient evidence to support the factual basis of the plea. As noted above, the SCAWV found that there was a sufficient, independent factual basis for the attempted murder charge based upon Stewart's placing of the gun to Dunn's head and threatening her with the statement, "you know where the next one is going."

The court analyzes this claim under the clearly established precedent for determining the sufficiency of evidence set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). In *Jackson*, the Court held that the relevant inquiry is "whether there was sufficient evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt." 443 U.S. at 319. The factual findings made by the state courts are entitled to deference under 28 U.S.C. § 2254(e)(1).

Based upon all of the evidence presented taken in the light most favorable to the State, a reasonable trier of fact could find that, after firing the first shot into the floor next to Dunn's head, which constituted wanton endangerment, Stewart then deliberately placed the gun to Dunn's head and threatened to fire another bullet into her head. Thus, as found by the state habeas courts, such evidence was sufficient to support a separate conviction for attempted first degree murder and there was no violation of Stewart's due process rights by the acceptance of his guilty plea on that basis.

Moreover, any claim by Stewart that his guilty plea was "unintelligent" is meritless. "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992); *see also Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001) ("absent clear and convincing evidence to the contrary," defendant is bound by statements made under oath at Rule 11 hearing).

The plea colloquy before the Circuit Court of Mercer County demonstrates that Stewart was fully aware of the terms and conditions of his guilty plea, and he acknowledged that he was knowingly and voluntarily entering into the same. Stewart further acknowledged that he was fully satisfied with the performance and assistance of his counsel, and he has not demonstrated, by clear and convincing evidence, that he should not be bound by his representations.

In *United States v. LeMaster*, 403 F.3d 216, 221 (4th Cir. 2005), the Fourth Circuit held that, absent extraordinary circumstances, a district court is not required to conduct an evidentiary hearing concerning a challenge to a guilty plea, where the defendant's allegations contradict the defendant's sworn statements made during a proper Rule 11 colloquy. *Id.* Rather, the district court may find that such allegations are "palpably incredible" and "patently frivolous and false." *Id.* Moreover, Stewart failed to challenge the voluntariness and sufficiency of his guilty plea on appeal.

The circuit court made the following findings concerning the petitioner's guilty plea in the order denying him habeas corpus relief:

> It is abundantly clear that the Court thoroughly conducted the Rule 11 and *Call* inquiries on both November 6 and 12, 2013; that the underlying record unequivocally establishes defendant's actively [sic; active] participation in the plea colloquy; that, without exception, the defendant answered the Court's questions intelligently, understood his rights, understood the

> consequences of the plea, had conferred with counsel, and wished to plead in the absence of any concessions from the State. Accordingly, the petitioner's pleas of guilty were knowing, voluntary, valid and enforceable, and he knowingly, intelligently, and voluntarily waived his right to an appeal on all pre-trial and non-jurisdictional matters. * * * There is no evidence whatsoever that he could adduce at an omnibus evidentiary hearing that would negate the voluntariness of his guilty pleas.

(ECF No. 13, Ex. 13 at 40-41). The court additionally found as follows concerning his guilty plea to the attempted first degree murder charge:

> It could not be clearer that Petitioner knew and understood precisely to what he was pleading guilty. The record unequivocally contradicts his claims of ignorance, as he confirmed under oath that he understood the elements of the crime, the State's burden of proof and his constitutional rights including the right to go to trial. Had any of the plea colloquy raised doubts or questions or confused the petitioner, he had multiple opportunities throughout the hearing to speak up, to ask the Court to explain the elements, to ask for more time to speak with his lawyer or his family and friends, or even to decide he wanted the State to prove its case at trial. Yet instead of doing so, instead of proclaiming he had no intention of killing Ms. Dunn, he swore under oath, multiple times, that he was guilty of attempted first degree murder, that he was pleading guilty freely and voluntarily, and that he wanted the Court to accept his plea.
>
> * * *
>
> Petitioner's guilty pleas were all supported by adequate factual basis set forth in the criminal complaint, the plea documents, Petitioner's statements of guilt throughout the proceedings, and the victim's testimony that "right before the police showed up that's when Mr. Stewart had the gun to my head and fired a shot and then put the gun back to my head and said "you know where the next one is going to go." This testimony in conjunction with all other facts and evidence of record forma a sufficient factual basis for the Court to accept the plea to attempted murder.

(*Id.* at 51, 61). Thus, Stewart's claim that his guilty plea was not knowing and voluntary lacks merit.

The undersigned proposes further that the presiding District Judge **FIND** that the state courts' decisions were neither contrary to, nor an unreasonable application of, clearly-established federal law, nor were such decisions based on an unreasonable

11

determination of the facts in light of the evidence presented in the state court proceedings. Consequently, Stewart is not entitled to relief on Grounds Two and Three of his section 2254 petition.

### C. Ground Two – Ineffective assistance of counsel.

In Ground Two of his section 2254 petition, Stewart asserts that his counsel provided ineffective assistance when he advised him that there was no reason for him not to plead guilty to the attempted first degree murder charge. Stewart asserts that his counsel's advice was erroneous because there was no factual basis for the attempted murder guilty plea and such a conviction was barred by double jeopardy.

In *Strickland v. Washington*, 466 U.S. 688 (1984), the Supreme Court adopted a two-prong test for determining whether a defendant received adequate assistance of counsel. A defendant must show (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-91. Moreover, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Furthermore, the AEDPA "adds a layer of respect for a state court's application of the legal standard." *Holman v. Gilmore*, 126 F.3d 876, 881 (7th Cir. 1997).

In reviewing a trial counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, *id.* at 689, and the burden is on the petitioner to show prejudice. *Hutchins v. Garrison*, 724 F.2d 1425 (4th Cir. 1983). Further, "[a] convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. A petitioner

12

may not merely speculate about potential prejudice but must "affirmatively prove" that the result of the proceedings would have been different but for the deficient performance of trial counsel. *See Strickland*, 466 U.S. at 693.

In *Lafler v. Cooper*, 566 U.S. 156 (2012), the Supreme Court reiterated that the Sixth Amendment right to effective assistance of counsel applies during the plea negotiation stage of the criminal process. The Court confirmed that, "[i]n the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Id.* at 163. Thus, a defendant who pled guilty must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

As addressed above, the petitioner has not and cannot demonstrate that his conviction on both the wanton endangerment and attempted first degree murder counts violated double jeopardy, and he has not overcome the state courts' findings that there was an independent factual basis for the attempted murder conviction. Therefore, he has not demonstrated that his counsel's performance fell below an objective standard of reasonableness; nor can he establish the requisite prejudice from his counsel's advice and representation because he has not demonstrated that the outcome of his criminal proceedings would have been different absent his counsel's conduct.

Accordingly, the state court decisions denying habeas corpus relief on this basis were neither contrary to, nor an unreasonable application of, the clearly established *Strickland* standard. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that Stewart is not entitled to relief on his ineffective assistance of counsel claim in Ground Two of his section 2254 petition.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) and dismiss this civil action from the docket of this court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to transmit it to counsel of record, and to mail a copy of the same to Petitioner at the following address: **1114 Henry Street, Princeton, WV 24740**.[2]

July 22, 2019

Dwane L. Tinsley
United States Magistrate Judge

---

[2] Stewart did not provide an updated address when he was released from custody, as required by Local Rule 83.6 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia. This address was obtained from his parole officer.