IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD

TIMOTHY STEWART,

        Plaintiff,

v.                                  CIVIL ACTION NO. 1:16-cv-09244

PATRICK MIRANDY, Warden,
St. Mary's Correctional Center,

        Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted to the court his Findings and Recommendation ("PF&R") on July 22, 2019, in which he recommended that the district court deny plaintiff's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1).

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the seventeen-day period.  Having reviewed the Findings and Recommendation filed by Magistrate Judge Tinsley, the court adopts the findings and recommendations contained therein.  Accordingly, the court **FINDS** that the state court's decision denying the plaintiff habeas corpus relief on the basis of an alleged violation of the Double Jeopardy Clause was neither contrary to, nor an unreasonable application of, clearly-established federal law, and that the defendant is entitled to judgment as a matter of law on Ground One of plaintiff's section 2254 petition.  The court further **FINDS** that the state court's decisions were neither contrary to, nor an unreasonable application of, clearly established federal law, nor were such decisions based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Consequently, the plaintiff is not entitled to relief on Grounds Two and Three of his section 2254 petition.  Therefore, the court hereby **DENIES** plaintiff's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1), dismisses this civil action and removes this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff and counsel of record.

**IT IS SO ORDERED** this 15th day of August, 2019.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge